**POLO FASHIONS, INC., Plaintiff,**

v.

**ONTARIO PRINTERS, INC., Roland M. Kraus, Edward M. Lasky, Defendants.**

No. C83–1957.

United States District Court, N.D. Ohio, E.D.

Dec. 18, 1984.

George F. Karch, Jr., Thompson, Hine & Flory, Cleveland, Ohio, Morton Amster, Philip Gottfried, Milton Springut, Roger Thompson, Amster, Rothstein & Engelberg, New York City, for plaintiff.

Paul Greenberger, Gerald S. Gold, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER

KRENZLER, District Judge.

On August 31, 1984, this Court issued its order of injunction and partial summary judgment in favor of the plaintiff and against the defendants Lasky and Ontario Printers. The Court also found that the defendant Kraus was an innocent infringer under Title 15 U.S.C. § 1114, and thus, dismissed the charge against him.

In its motion for reconsideration, the plaintiff claims that the defendant Kraus does not fall within the innocent infringer exception of 15 U.S.C. § 1114.

■ This Court recognizes that the defendant Kraus could be personally liable if the evidence warranted that conclusion. But this Court has determined that based on the evidence before it as stated in its previous order, the defendant Kraus is not personally liable. Further, if the defendant Kraus were personally liable, based on the evidence before the Court, he would only be an innocent infringer and, thus, only an injunction could be issued under 15 U.S.C. § 1114.

This Court is mindful of the fact that the volume of trademark infringement cases is increasing. Courts must be concerned for the rights of owners of trademarks.

The problem of commercial counterfeiting today has reached epidemic proportions. *Montres Rolex, S.A. v. Snyder*, 718 F.2d 524, 528 (2d Cir.1983), *cert. denied sub nom.*, *Grand Jewels, Inc. v. Montres Rolex*, —— U.S. ——, 104 S.Ct. 1594, 80 L.Ed.2d 126 (1984).

Based on this Court's personal knowledge from the volume of its cases, the trafficking in counterfeit merchandise constitutes a most serious problem for many manufacturers in this country. There are many sales of counterfeit infringing goods by numerous unscrupulous entities greatly damaging legitimate companies' reputation for quality, both in the trade and with the purchasing public.

There must be objective standards imposed on businessmen in determining whether they are infringing on a trademark. There cannot be a subjective standard where each person makes his own determination.

Responsible business persons cannot avoid personal responsibility and liability for infringing on a trademark by contending that only the corporation is liable.

Business persons are cautioned that they shall be held to a duty of vigilance and sound, good business judgment. They cannot escape liability by asserting that there was a violation but that it was innocent and unintentional. If an individual comes to a business person and orders some material or a product that the business person knows, or should know, is not a valid, legitimate order, or that the person placing the order obviously had no authority to place that order, or it was readily apparent that the person placing the order was not the person or representative of the company, he cannot escape liability.

Briefly stated, business persons cannot be naive and be like ostriches and put their heads in the sand and ignore obvious facts that should be readily apparent to a reasonable business person. Whether or not there was an intentional violation shall be determined on an objective, reasonable business person test and not the subjective state-of-the-mind test.

■ When a person, such as a manufacturer or a printer, is approached by someone to make a product for a famous manufacturer, that business person has an affirmative duty to determine the legitimacy of the person placing the order. That person must make reasonable inquiry, and this will be determined from all of the facts and circumstances.

Some of the factors to be considered include (1) the extent of recognition and notoriety of the mark in issue; (2) the printer's prior experience working for legitimate companies and the trademark owners and related industries; (3) the circumstances of the transaction; (4) the submitted basis for or proof of authorization provided by the customer; and (5) whether the print-

er contacts the owner of the mark. There may be additional factors to be considered, depending on all the facts and circumstances in the case.

A business person cannot avoid liability by merely accepting the order and making no further inquiry. By doing this, he is taking the risk of being found liable for trademark infringement.

In the present case, Kraus was not acting on his own as an individual but for and on behalf of Ontario Printers. Therefore, he is not personally liable.

■ Second, based on the facts presented, Ontario is an innocent infringer and can only be enjoined, and there can be no monetary damages. Therefore, the defendants' motion for reconsideration will be overruled.

As to the remaining issues in the case in regard to monetary damages of Lasky and the attorney's fees of Lasky and Ontario Printers, it is this Court's understanding that the parties have amicably resolved these issues.

Therefore, all of the issues as to all of the parties have now been resolved and final judgment will be entered for the plaintiff against the defendants Ontario Printers and Lasky.

IT IS SO ORDERED.

## FINAL JUDGMENT FOR POLO FASHIONS, INC.

This Court previously granted a partial judgment to the plaintiff on plaintiff's motion for summary judgment. The Court also issued an order and an opinion in overruling the plaintiff's motion for reconsideration. The issues as to monetary damage and attorney's fees have now been resolved between the parties, and there are no remaining issues as to any of the parties. Final judgment is hereby rendered for the plaintiff and against the defendants Edward Lasky and Ontario Printers.

Accordingly, the Court enters a permanent injunction enjoining Ontario Printers, its stockholders, officers, directors, employees, and agents and those persons in active concert or participation with it:

A. from using any of the Polo Trademarks or any mark similar thereto in connection with the sale of any unauthorized goods or hang tags or the rendering of any unauthorized services;

B. from selling hang tags using any logo, trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendants or of third parties are sponsored by, authorized by, or in any way associated with the plaintiff;

C. from infringing plaintiff's registered trademarks;

D. from themselves using or rendering it possible for third parties to use any reproduction, copy or colorable imitation of the authentic Ralph Laren Logo trademark or hang tag, in whole or in part;

E. from themselves or aiding and abetting third parties to apply, annex or use in connection with the sale of any goods, a false description or representation, including words or other symbols to describe or represent such goods as being those of plaintiff and offering such goods in commerce.

. The Court permanently enjoins Edward Lasky from:

A. using any of the Polo Trademarks or any mark similar thereto in connection with the sale of any unauthorized goods or hang tags or the rendering of any unauthorized services;

B. selling hang tags using any logo, trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendants or of third parties are sponsored by, authorized by, or in any way associated with the plaintiff;

C. infringing plaintiff's registered trademarks;

D. otherwise unfairly competing with plaintiff;

E. falsely representing themselves as being connected with plaintiff or sponsored by or associated with plaintiff or engaging

in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that defendants, or any one of them, are associated with plaintiff;

F. themselves using or rendering it possible for third parties to use any reproduction, copy or colorable imitation of the authentic Ralph Laren Logo trademark or hang tag, in whole or in part;

G. themselves or aiding and abetting third parties to apply, annex or use in connection with the sale of any goods, a false description or representation, including words or other symbols to describe or represent such goods as being those of plaintiff and offering such goods in commerce.

The action against the individual defendant Kraus is dismissed.

The defendants Lasky and Ontario Printers are to pay the costs of this action.

IT IS SO ORDERED.