**CONOPCO, INC. d/b/a Lever Brothers Company and Lever Investments Corporation, Plaintiffs,**

**v.**

**ROSA DISTRIBUTORS, Empire Distributors, G.F.I., Inc., Louis N. Rosanova, John Rosa, John E. Colletta, Frank Greco, Jr., Delray Farms, Inc., Central Park Foods, Inc., North Grand Produce, Inc., and Napco Graphics Corporation, Defendants.**

**No. 96 C 6995.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 1, 1997.

Kevin A. Russell, Matthew W. Walch, Latham & Watkins, Chicago, IL, for Conopco, Inc., Lever Investments Corp.

William J. McKenna, Hopkins & Sutter, Chicago, IL, for Delray Farms, Inc.

Daniel N. Christus, Micheal D. Lake, Wallenstein, Wagner & Hattis, Ltd., Chicago, IL, for Central Park Foods, Inc.

Dalton P. Grief, Grief, Bus & Konewko, Ltd., West Chicago, IL, for Napco Graphics Corp.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

In this trademark infringement case, defendant Napco Graphics Corporation ("Napco") has moved for summary judgment on the grounds that it is an "innocent printer" under 15 U.S.C. § 1114(2)(A). Because this Court finds that a genuine issue of material fact remains, the motion is denied.

### Facts

Conopco, Inc., d/b/a Lever Brothers Company and Lever Investments Corporation ("Lever Brothers") is the exclusive domestic user of the SNUGGLE trademark in the sale of fabric softener. The trademark and the relevant trade dress appear on SNUGGLE labels as follows:

Fabric Softener

Lever Brothers asserts that the trademark and trade dress have acquired a high degree of fame and are well-known to the consuming public.

Napco prints labels. In September 18, 1996, it was contacted by Packaging Network, Inc. ("Packaging Network") for price quotes for labels printed to certain specifications in various quantities. Packaging Network is a broker, and Napco understood that the labels would be prepared for a third party. During the initial and subsequent conversations Packaging Network's client was not identified but Napco's employees were told that the product involved was fabric softener. The order was for labels for "Nuggle" fabric softener. After several communications with both Packaging Network and both Frank and John Rosa, Packaging Network's clients, the proofs prepared by Napco were approved, and Napco printed 16,000 "Nuggle" labels. The labels appeared as follows:

Lever Brothers has alleged that defendants Rosa Distributors, Empire Distributors, G.F.I., Inc., Louis Rosanova, John Colletta and Frank Greco, Jr., manufactured and sold counterfeit and infringing merchandise, including a fabric softener sold in plastic bottles on which the "Nuggle" labels printed by Napco had been affixed. The parties have submitted evidence that the Napco employees who worked on the production of the "Nuggle" labels were generally aware of the SNUGGLE trademark and trade dress, although they denied that there were any substantial similarities between the SNUGGLE and "Nuggle" labels.

### Discussion

Fed.R.Civ.P. ("Rule") 56(c) allows this Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In considering the evidence submitted by the parties, the court may not weigh it or determine the truth of asserted matters. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). All facts must be viewed and all reasonable inferences drawn in the light most favorable to the non-moving party. *Transamerica Ins. Co. v. South,* 975 F.2d 321, 327 (7th Cir.1992).

Napco has moved for summary judgment on the ground that as the printer of the "Nuggle" labels it is an innocent infringer under Section 32(2)(A) of the Lanham Act ("Section 32(2)(A)"), 15 U.S.C. § 1114(2)(A), which limits the relief available against it to an injunction against future printing. That statute states, in pertinent part:

> Where an infringer or violator is engaged solely in the business of printing the mark or violating matter for others and establishes that he or she is an innocent infringer or innocent violator, the owner of the right infringed or person bringing the action under Section 1125(a) of this title shall be entitled as against such infringer or violator only to an injunction against future printing.

15 U.S.C. § 1114(2)(A).

There is no direct evidence that Napco knew that the "Nuggle" labels infringed Lever Brothers' SNUGGLE trademark. Consequently the parties have framed the issue as whether Napco had an affirmative obligation to inquire into the authority of Packaging Network's client to print the labels. In opposing Napco's motion, Lever Brothers relies on *Polo Fashions, Inc. v. Ontario Printers, Inc.,* 601 F.Supp. 402 (N.D.Ohio 1984). In that case, the only reported decision to decide whether a printer constituted an innocent infringer under Sec-

tion 32(2)(A), the court adopted an objective standard:

> When a person, such as a manufacturer or a printer, is approached to make a product for a famous manufacturer, that business person has an affirmative duty to determine the legitimacy of the person placing the order. That person must make reasonable inquiry, and this will be determined from all of the facts and circumstances.

*Id.* at 403. Napco attempts to distinguish *Polo Fashions* by noting that here it was not approached to make a product for a famous manufacturer; rather it did not even know who Packaging Network's client was and was never told precisely how the labels would be used.

While *Polo Fashions* is not squarely on point, we agree with its reasoning that an objective standard is appropriate. While Napco was not approached by someone claiming to be a famous manufacturer, it was asked to print labels for fabric softener under the "Nuggle" name when its employees were admittedly familiar with the SNUGGLE fabric softener trademark and trade dress. The similarity between the names SNUGGLE and "Nuggle" is beyond question and while Napco disputes that substantial similarities exist between the SNUGGLE trade dress and the "Nuggle" labels, there are sufficient similarities that a jury could conclude that Napco had notice that use of the proposed "Nuggle" labels for fabric softener might infringe the SNUGGLE mark. While a printer may not always be required to investigate a customer's authorization to print product labels, whether Napco's conduct here was objectively reasonable is a disputed issue of fact. Napco's motion for summary judgment is denied.

### Conclusion

Because a disputed issue of fact exists as to whether Napco's conduct in failing to determine the legitimacy of the request for the printing of the "Nuggle" labels, its motion for summary judgment is denied.